**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIAM DAVID BUSH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, *et al.*,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-02405 (UNA) |

## MEMORANDUM OPINION

Currently before the Court is Plaintiff's *pro se* Complaint, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff's IFP Application is granted, and for the reasons discussed below, this matter is dismissed without prejudice.

Plaintiff, a resident of California, sues the United States, U.S. Customs and Border Protection, the Department of Treasury, the Department of Homeland Security, and the U.S. Trade Representative. He brings this case as "an individual consumer and United States citizen who purchased goods in the United States during the period in which IEEPA-based tariffs were imposed and incorporated into retail pricing," and contends that the "present federal refund mechanism repays the legal taxpayer of record—the importer—while providing no" relief for "the downstream purchasers who bore the economic cost." He demands equitable relief.

Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered

an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). As here, "a defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff does not allege a redressable injury that is particularized to himself. He broadly claims that he suffered damages, but provides no details or context regarding those damages, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are fundamentally insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

More, as pleaded, Plaintiff has raised a general grievance about the federal government, but "a plaintiff raising only a generally available grievance about" the government, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."); *see also Demos v. United States*, 31 C.I.T. 789, 791 n.2–n.3 (2007) (dismissing case and finding that the plaintiff did not present a case or controversy, "but merely general grievances over government policy," where he challenged "America's international trade agreements, tariffs, and duties"); *Emrit v. Federal Reserve Bank*, No. 25-cv-01553, 2025 WL 1707692, at *1–2 (D.D.C. June 16, 2025) (dismissing case as general grievance where the

plaintiff's primary concern were the tariffs enacted in 2025 and their effect on American consumers), *aff'd*, No. 25-5255, 2026 WL 765639 (D.C. Cir. Mar. 18, 2026) (per curiam); *Gu v. Dep't of Treasury*, No. 25-2739, 2025 WL 3089260, at *3–4 (D.D.C. Nov. 5, 2025) (same where the plaintiff alleged that he paid higher prices and incurred his own debt due to tariffs and that implementation of those tariffs created "chaos and uncertainty for industries and consumers"); *Cassaday v. United States*, No. 25-4568, 2026 WL 472661, at *1–2 (D.D.C. Feb. 19, 2026) (same).

To be sure, the Supreme Court recently declared various tariffs instituted by the Executive to be unlawful. *See Learning Resources, Inc. v. Trump*, 607 U.S. 229 (2026). But that ruling did not automatically provide for refunds for all Americans, or even all putative consumers of improperly tariffed products.

Consequently, for these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's Motion for CM/ECF Password, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 20, 2026